■ ELIZABETH FRANCES KERRIGAN, as Executrix of THOMAS CONELLY, Deceased, et al., Respondents-Appellants, v RM ASSOCIATES, INC., Individually and Doing Business as METRO RISK MANAGEMENT, et al., Appellants-Respondents, and ACE INA et al., Respondents, et al., Defendants. [892 NYS2d 350]—

It appears that Connelly was killed in a construction site accident; that his estate brought the underlying action against, among others, various contractors at the site, alleging, inter alia, that Connelly had entered into an agreement with Erin Erectors (Erin), the estate's coplaintiff herein, to provide work, labor and services at the site; that one of the contractors counterclaimed against the estate for contractual indemnification; and that plaintiffs and Westchester dispute whether Connelly was covered under Westchester's excess policy, and thus whether his estate is entitled to indemnification under that policy. It further appears that Westchester's excess policy lists Erin as the only "Named Insured," and defines the term "Insured" to include, at Erin's option, any person, other than Erin, "included as an additional insured" in the underlying comprehensive general liability (CGL) insurance; and that the underlying CGL policy lists Erin, Connelly and a company called Erin Interiors as the named insureds, and lists no additional insureds.

Plaintiffs argue that Connelly was an "additional insured"

within the meaning of Westchester's excess policy by virtue of his being a named insured in the underlying CGL policy. The motion court rejected that argument, holding that the "[t]he terms additional insured and named insured are not synonymous in the [underlying] CGL policy," and that because Connelly was listed as a named insured in the CGL policy, not an additional insured, he was not covered under the excess policy. We disagree because, as plaintiffs and Omni accurately point out, the term "additional insured" is nowhere defined in either the underlying or excess policy. Absent such definition, Westchester's excess policy should be interpreted based on "common speech" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]) and "the reasonable expectation and purpose of the ordinary businessman when making an ordinary business contract" (*General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451, 457 [2005] [internal quotation marks omitted]). Under an ordinary interpretation of an ordinary business contract, the term "additional insured" in the excess policy would be understood to mean anyone other than the "Named Insured" in the excess policy (i.e., Erin) who is insured under the underlying CGL policy (i.e., Connelly and Erin Interiors) (*see St. Paul Fire & Mar. Ins. Co. v American Intl. Specialty Lines Ins. Co.*, 365 F3d 263, 277 [2004]). Such interpretation, we would add, is not inconsistent with the well-understood meaning of "additional insured" as "an entity enjoying the same protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks omitted]). The cases cited by the motion court (*General Sec. Prop. & Cas. Co. v American Fleet Mgt., Inc.*, 37 AD3d 345 [2007], *affg* 10 Misc 3d 1075[A], 2005 NY Slip Op 52244[U] [2005]; *Wausau Underwriters Ins. Co. v QBE Ins. Corp.*, 496 F Supp 2d 357 [2007]), which draw distinctions between additional insureds and named insureds by differentiating between their obligations to pay deductibles or give notice to the insurer, do not require a finding that an ordinary businessperson would be mindful of these distinctions in entering into an ordinary business contract.

As the estate is covered under the excess policy, Omni cannot be held liable for failing to obtain the appropriate coverage, and, accordingly, the remaining claims asserted against Omni are dismissed as academic.

Westchester's argument urging dismissal of the action as against certain of its apparently affiliated entities is raised for the first time on appeal, and we accordingly do not consider it. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and

Manzanet-Daniels, JJ.