14-4184-cv
*Endurance American Specialty Insurance Co. v. Century Surety Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fifteen.

Present:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        ROSEMARY S. POOLER,
        DENNY CHIN,
           *Circuit Judges*.

_____

ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, HAYDEN BUILDING MAINTENANCE CORPORATION,

        *Plaintiffs-Counter-Defendants-Appellees*,

        v.                       No. 14-4184-cv

CENTURY SURETY COMPANY,

        *Defendant-Counter-Claimant-Appellant*,

400 COLUMBUS, LLC, AHEARN HOLTZMAN, INC., DBA SEABOARD WEATHERPROOFING AND RESTORATION COMPANY, PINNACLE CONSTRUCTION AND RENOVATION CORPORATION,

ARTHUR SLESZYNSKI, KAROLINA SLESZYNSKI,

*Nominal Defendants.*

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | JANET P. FORD, White Fleischner & Fino, LLP, New York, NY. |
| For Defendant-Appellant: | DAN D. KOHANE, Hurwitz & Fine, P.C., Buffalo, NY. |

Appeal from the United States District Court for the Southern District of New York (Peck, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **REVERSED**.

The Defendant-Appellant appeals from a final judgment entered on October 30, 2014, by the United States District Court for the Southern District of New York (Peck, *M.J.*), which granted the Appellees' motion for summary judgment in full, denied the Appellant's cross-motion for summary judgment in full, and entered judgment against the Appellant for its share of the cost of the underlying defense of the state court action through August 13, 2014. On appeal, the Appellant argues, *inter alia*, that the district court erred when it found that the relevant insurance policy's Action Over Exclusion clause, when read in combination with the policy's Separation of Insureds clause, did not exclude the additional insured coverage of the general contractor, Hayden Building Maintenance Corporation ("Hayden") for an injury to an employee of the subcontractor, Pinnacle Construction and Renovation Corporation ("Pinnacle"). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Because the parties "do not dispute the material facts underlying the claim" and this case "turns on the interpretation of [an] insurance contract," "we review the district court's construction of the [p]olicy de novo." *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012).

The language of Century's insurance policy (the "Policy") is unambiguous. Its Action Over Exclusion clause, which excludes insurance coverage for injury to certain employees, states as follows:

> Exclusions:
> . . . .
> **e. Employer's Liability**
> "Bodily injury" to:
> (1) An "employee" of the **named insured** arising out of and in the course of:
>     (a) Employment by the **named insured**; or
>     (b) Performing duties related to the conduct of the **named insured's** business . . . .

J.A. 418, 463 (emphasis added). And the Policy clearly states, in its Declarations section, "NAMED INSURED: Pinnacle Construction & Renovation Corp." J.A. 415. Section II of the Policy, entitled "Who Is An Insured" further clarifies that the named insured is "[a]ny organization you newly acquire or form, other than a partnership, joint venture or limited liability company . . . will qualify as a Named Insured if there is no other similar insurance available to that organization." J.A. 425–26. And "you" is defined as follows: "[t]hroughout this policy the word[] 'you' . . . refer[s] to the Named Insured shown in the Declarations." J.A. 417. Here, the only named insured is Pinnacle. And the insurance coverage sought is to defend Hayden in a lawsuit brought by one of Pinnacle's employees, Arthur Sleszynski, for injuries he incurred during the course of his employment with Pinnacle. Accordingly, the text unambiguously excludes insurance coverage for injuries to Sleszynski.

3

The Appellees contend that the Separation of Insureds provision requires this Court to read the Action Over Exclusion provision from the perspective of the particular insured seeking coverage. The Separation of Insureds provision states that:

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> a. As if each Named Insured were the only Named Insured; and
> b. Separately to each insured against whom a claim is made or "suit" is brought.

J.A. 428. Thus, "the named insured" in the Action Over Exclusion provision should, according to the Appellees, be replaced with "Hayden," because "this insurance applies . . . [s]eparately to each insured." *Id.* Because Sleszynski was not an employee of Hayden, the Appellees contend that the Policy would therefore not exclude coverage to Hayden for Sleszynski's injuries.

This logic would apply if the Action Over Exclusion clause used the language "the insured" rather than "the named insured." In that scenario, the provision would be read to replace "the insured" with "Hayden," because Hayden is seeking coverage. But here, the Action Over Exclusion clause states "the named insured." In analogous circumstances, where, for example, employee exclusions have altered the language "the insured" to language expressing a different intent, such as "any insured," courts have held that the insurance policy precludes coverage of injuries to any employee, whether employed by the insured seeking coverage or not, because to do otherwise would render the unambiguous language referring to any insured "a nullity." *Nautilis Ins. Co. v. Barfield Realty Corp.*, 11-cv-7425 (JPO), 2012 WL 4889280, at *10 (S.D.N.Y. Oct. 16, 2012). Here, like the language "any insured," the language "the named insured" evinces that the Action Over Exclusion clause specifically exclude coverage for bodily injury to employees of the named insured, Pinnacle. Hayden, in contrast, is not a named insured;

4

rather, it is an additional insured. *See* J.A. 456 (defining who is an additional insured in the Policy); *see also Kerrigan v. RM Assocs., Inc.*, 68 A.D.3d 659, 660 (N.Y. 1st Dep't 2009) (explaining that named insureds and additional insureds are distinct mutually exclusive categories of insureds). Indeed, the Action Over Exclusion clause replaced and explicitly modified the previous employee liability clause to change the words "the insured" to "the named insured." *Compare* J.A. 418 *with* J.A. 463. Thus, the district court erred in reading "Hayden" into the words "the named insured" in the Action Over Exclusion provision.

We have considered all of the Appellees' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **REVERSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK