15-3816 (L)
*Hastings Dev., LLC v. Evanston Ins. Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand seventeen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

HASTINGS DEVELOPMENT, LLC

     PLAINTIFF - APPELLEE- CROSS- APPELLANT,

V.

EVANSTON INSURANCE COMPANY,

     DEFENDANT - APPELLANT- CROSS-APPELLEE.

15-3816
15-4085

---

| | |
|---|---|
| For Appellant: | ERIC DAVID SUBEN, Meryl Lieberman, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY |
| For Appellee: | STEVEN D. JANNACE, Simmons Jannace DeLuca, LLP, Hauppauge, NY |

---

1

Appeal from the Eastern District of New York's (Spatt, *J.*) judgment entered November 4, 2015, and from the amended judgment entered November 18, 2015.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's amended judgment is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings not inconsistent with this decision.

Appellant Evanston Insurance Company ("Evanston") appeals from the district court's holding that its insurance policy's Employer's Liability Exclusion language was ambiguous. Hastings Development, LLC ("Hastings") cross-appeals from the district court's dismissal of its bad faith claim, and maintains that the district court improperly failed to rule on Hastings's right to a defense. We assume the parties' familiarity with the underlying facts, procedural history, arguments presented on appeal, and the district court's rulings.

**I.**

Hastings is a New York limited liability company and subsidiary of Universal Photonics, Inc. ("UPI"). Evanston issued a Commercial General Liability Policy ("the Policy") to UPI, JH Rhodes Co., Inc., Facilities Realty Management, LLC, and Hastings. Aaron Cohen ("Cohen"), UPI's employee, commenced an action in the New York Supreme Court, Nassau County, against Hastings, UPI, SWECO, Inc., and XYZ Corp., alleging that he was injured while operating Hastings's machine in Hastings's building.

Hastings tendered the action to Evanston and requested a defense and indemnification in the underlying lawsuit. Evanston informed Hastings that its request was barred by the Policy's Employer's Liability Exclusion. Hastings

responded, challenging Evanston's determination. Because Evanston continued to deny Hastings coverage, Hastings commenced this action against Evanston seeking a declaratory judgment that Evanston was obligated to defend and indemnify it in the underlying lawsuit. Hastings also asserted that Evanston denied it coverage in bad faith and requested punitive damages. Evanston countered with a Rule 12(b)(6) motion to dismiss all claims and Hastings cross-moved for summary judgment.

The district court granted partial summary judgment in favor of Hastings, holding that the Employer's Liability Exclusion did not bar Hastings's request for coverage and that Hastings was entitled to indemnification in the underlying Cohen litigation. The district court also dismissed Hastings's bad faith claims, finding that Hastings's Complaint failed to allege the type of conduct that would constitute bad faith.

## II.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting as true all the material facts alleged in the complaint and construing all reasonable inferences in appellants' favor. *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 (2d Cir. 2016). We also review *de novo* a district court's grant of summary judgment. *Olin Corp v. Am. Home Assurance Co.*, 704 F.3d 89, 96 (2d Cir. 2012). "Summary judgment may be granted only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* "Whether an insurance policy is ambiguous as a matter of law is to be determined by the court." *Hugo Boss*

*Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616–17 (2d Cir. 2001); *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). "Where the contract language creates ambiguity, extrinsic evidence as to the parties' intent may properly be considered." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009).

### A. The Employer's Liability Exclusion is Ambiguous

"In a dispute over the meaning of a contract, the threshold question is whether the contract is ambiguous." *Lockheed Martin Corp.*, 639 F.3d at 69. "The language of a contract is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* "[A]mbiguity does not exist 'simply because the parties urge different interpretations.'" *Hugo Boss*, 252 F.3d at 616 (quoting *Seiden Assocs. Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992)). "If a court concludes a provision in an insurance contract is ambiguous, it may consider extrinsic evidence to ascertain the parties' intent at the formation of the contract." *Olin Corp.*, 704 F.3d at 99. "If the extrinsic evidence fails to establish the parties' intent, courts may apply other rules of contract interpretation, including New York's rule of *contra proferentem*, according to which ambiguity should be resolved in favor of the insured." *Id.* New York's application of *contra proferentem* "gains added force when ambiguities are found in an exclusionary clause." *Haber v. St. Paul Guardian Ins. Co.*, 137 F.3d 691, 698 (2d Cir. 1998).

The parties dispute whether Cohen is "an employee of the Named Insured" under the exclusion. The Employer's Liability Exclusion provides in relevant part:

It is hereby understood and agreed that:

This insurance does not apply to any claim, suit, cost or expense arising out of bodily injury to

(1) an employee of *the Named Insured* arising out of and in the course of employment by *any Insured*, or while performing duties related to the conduct of *the Insured's* business, or

(2) the spouse, child, parent, brother, sister or relative of that employee as a consequence of (1).

. . .

Wherever the word employee appears above, it shall also mean any member, associate, leased worker, temporary worker of, or any person or persons loaned to or volunteering services to, any Named Insured.

App'x at 85 (emphasis added).

Evanston points to this Court's decision in *Endurance Am. Specialty Ins. Co. v. Century Surety Co.*, which it asserts held that the "Named Insured" policy language unambiguously referred to all of the policy's listed Named Insureds. *Endurance Am. Specialty Ins. Co. v. Century Sur. Co.*, 630 Fed. App'x 6 (2d Cir. 2015) (summary order). Evanston further maintains that the definition of "employee" under the Employer's Liability Exclusion supports its contention that the exclusion bars coverage for injured employees of all the listed Named Insureds. *See* App'x at 85 (providing that "[w]herever the word employee appears above, it shall also mean any member, associate, leased worker, temporary worker of, or any

5

person or persons loaned to or volunteering services to*, any Named Insured.*" (emphasis added)). Finally, because Evanston argues that the language of the Policy unambiguously bars coverage, it asserts that the district court improperly invoked *contra-proferentem* to construe the policy language in Hastings's favor. At oral argument Evanston also relied on *Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, to further support its argument that the Named Insured language in its policy includes all parties listed as the Named Insureds. 16-140-cv, 2017 WL 28419 (2d Cir. Jan. 3, 2017) (summary order).

Hastings argues that the Policy's specific use of "the Named Insured," as opposed to "a Named Insured," "any Named Insured," or "any Insured" distinguishes the cases Evanston relies on. In addition, Hastings maintains that the Policy's "Separation of Insureds" provision requires that "the Named Insured" language of the Employer's Liability Exclusion should be read "'[a]s if each Named Insured were the only Named Insured; and separately to each insured against whom claim is made or 'suit' is brought.'" Appellee's Br. at 16 (quoting App'x at 60). Based on the Separation of Insureds provision and because Hastings is the only insured party seeking coverage, Hastings asserts it "must be treated as the only 'Named Insured' for the purpose of interpreting the Employers Liability Exclusion." Appellee's Br. at 16.

We conclude that there is an ambiguity in the policy language as to whether the Employer's Liability Exclusion bars coverage for Hastings under the circumstances presented. A fair reading of the Employer's Liability Exclusion may

only exclude coverage for injuries to "an employee of *the Named Insured*," and in light of the Separation of Insureds clause, "the Named Insured" is Hastings. On the other hand, another reasonable reading of the Employer's Liability Exclusion, proposed by Evanston, is that "an employee of the Named Insured" may refer to employees of *any* of the Policy's list Named Insureds given the exclusion's broad definition of an 'employee." Because we conclude that the policy language is ambiguous, the district court properly denied Evanston's motion to dismiss on this point.

Looking to evidence of the parties' intent on summary judgment, the evidence that Evanston proffered to support its argument that it would be unreasonable for an "average man reading the policy to construe it as the insured does" accomplishes nothing more than restating its understanding of how the Employer's Liability Exclusion should be read. *Haber*, 137 F.3d at 698. Because the policy's language could support either party's interpretation, that ambiguity requires us to construe the policy language in favor of the insured. *Id.*; *Thomas J. Lipton, Inc. v. Liberty Mut. Ins. Co.*, 314 N.E.2d 37, 39 (N.Y. 1974). Thus, as a matter of law, the Employer's Liability Exclusion does not bar coverage, and the district court properly denied Evanston's motion to dismiss, and granted Hastings's motion for summary judgment on this issue.

**B. The District Court Should Have Determined That Hastings Was Entitled to a Defense After It Ruled that Hastings Was Entitled to Indemnification Under the Policy**

The duty to defend and the duty to indemnify are separate and distinct duties. *See Hugo Boss*, 252 F.3d at 620. "[A]n insurance company's duty to defend is broader than its duty to indemnify," and "an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" *Auto. Ins. Co. of Hartford v. Cook*, 850 N.E.2d 1152, 1155 (N.Y. 2006) (quoting *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 609 N.E.2d 506, 509 (N.Y. 1993)). "[A]n insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." *Id.*

In light of our determination that Hastings is covered by the Policy and entitled to indemnification, Evanston is required to defend Hastings in the underlying Cohen litigation. *See Hugo Boss*, 252 F.3d at 622. Hastings requested a defense in the Cohen action in its papers in opposition to the motion to dismiss, in its cross motion for summary judgment, after the district court entered the judgment, and again after the district court's amended judgment. *Id.* Accordingly, we vacate the judgment to the extent that it failed to declare that Evanston is required to defend Hastings in the underlying litigation, and remand to the district court with instructions to correct the judgment.

**C. The District Court Properly Dismissed Hastings's Bad Faith Claim**

There is a strong presumption against finding bad faith liability against an insurer under New York law. *Hugo Boss*, 252 F.3d at 625. "The presumption against

bad faith liability can be rebutted only by evidence establishing that the insurer's refusal to defend was based on 'more than an arguable difference of opinion' and exhibited 'a gross disregard for its policy obligations.'" *Id.* (quoting *Sukup v. New York*, 227 N.E.2d 842, 844 (N.Y. 1967)); *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763 (N.Y. 1995) (quoting *Rocanova v. Equitable Life Assurance Soc'y of U.S.*, 634 N.E.2d 940, 943 (N.Y. 1994)) ("[C]onduct that may be characterized as 'gross' and 'morally reprehensible,' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'").

We conclude that the district court properly dismissed Hastings's bad faith claim. Hastings's allegations of bad faith amounted to arguing that Evanston unreasonably denied Hastings a defense in the action. This alone, however, does not rise to the level of egregious conduct needed to establish such a claim. *See Hugo Boss*, 252 F.3d at 624; *Sukup*, 227 N.E.2d at 844; *N.Y. Univ.*, 662 N.E.2d at 763.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, the district court's November 4, 2015 Order, and its November 18, 2015 Amended Judgment, are **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for proceedings not inconsistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk