**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3262 & 16-3292
_____

INDIAN HARBOR INSURANCE COMPANY

v.

NL ENVIRONMENTAL MANAGEMENT SERVICES, INC.;
NL INDUSTRIES, INC.; SAYREVILLE SEAPORT ASSOCIATES, L.P.;
J. BRIAN O'NEILL PROPERTIES GROUP L.P.; BANK OF AMERICA NA;
THE PROVIDENT BANK; NORTHERN TRUST CO.;
SAYREVILLE SEAPORT ASSOCIATES ACQUISITION COMPANY, LLC;
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;
SAYREVILLE ECONOMIC AND REDEVELOPMENT AGENCY;
MIDDLESEX COUNTY;
MERION CONSTRUCTION MANAGEMENT LLC; J. BRIAN O'NEILL;
O'NEILL PROPERTIES GROUP L.P.

> NL Environmental Management Services,
> Inc.,
> Appellant in No. 16-3262
>
> Sayreville Seaport Associates, L.P.
> Appellant in No. 16-3292

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 3-13-cv-01889)
District Judge: Hon. Michael A. Shipp

_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 2, 2017
_____

Before: SHWARTZ and ROTH, <u>Circuit Judges</u>, and PAPPERT, <u>District Judge</u>.<sup>*</sup>

(Filed:  December 14, 2017)

_____

OPINION<sup>**</sup>

_____

SHWARTZ, <u>Circuit Judge</u>.

NL Environmental Management Services, Inc. appeals the District Court's order reforming an insurance policy between Sayreville Seaport Associates, L.P. ("SSA") and Indian Harbor Insurance Co. ("Indian Harbor").[1]  Because Indian Harbor has shown by clear and convincing evidence what the parties intended for the insurance policy to state and the parties to the insurance policy agree that the policy contained a mistake, we will affirm the order.

I

This case centers on an insurance policy that was issued in connection with a settlement agreement between SSA, NL Environmental Management Services, Inc., NL Industries, Inc.,[2] Sayreville Economic and Redevelopment Agency ("SERA"), and the County of Middlesex ("the County").  The agreement settled a litigation regarding SERA's acquisition by eminent domain of a property located along the Raritan River in Sayreville,

<hr/>

[*] Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Our resolution of the appeal renders SSA's cross-appeal (No. 16-3292) moot.

[2] NL Environmental Management Services, Inc. and NL Industries, Inc. were collectively referred to as the "NL Companies" in the settlement agreement.  We will refer to them jointly as NL Companies as well.

New Jersey, and its clean-up. The settlement agreement provided that SSA would purchase

an environmental insurance policy that would cover the NL Companies, SERA, and the

County as additional insureds, but would exclude the NL Companies from coverage for

Natural Resource Damages ("NRD") Liabilities[3] and Raritan River Liabilities.[4, 5]

---

[3] The settlement agreement defines NRD Liabilities as "any claims or potential claims for natural resource damages ("NRDs") arising from or in any way relating to any past or current environmental harm to or Hazardous Substances currently or previously in, on, under, at, or that have migrated from the Property, including but not limited to NRDs relating to groundwater contamination in, at, under, or that has migrated from the Property." App. 95.

[4] The settlement agreement defines Raritan River Liabilities as "any environmental investigation and remediation required by EPA, NJDEP or any third-party relating to sediment contained in the Raritan River and/or the Tidal Wetlands on the Property, together with any NJDEP or EPA oversight costs relating thereto, and including any liability for NRDs associated therewith." App. 95.

[5] The settlement agreement provides that SSA:

> shall, at its sole cost and expense, obtain and maintain one or more environmental insurance policies . . . to cover: (i) any and all third-party claims for bodily injury and property damage (excluding NRD Liabilities) relating to known environmental conditions at the Property; and (ii) any and all claims for bodily injury, property damage, or remediation liability associated with unknown environmental conditions at the Property, including but not limited to all necessary operation and maintenance related to such unknown environmental conditions, if any. The NL Companies, SERA and the County shall be named as additional insureds on each such policy. . . . [E]ach such policy shall: . . . be subject to a final review and approval by the NL Companies, which approval shall not be unreasonably withheld, conditioned or delayed. Notwithstanding anything to the contrary above, the NL Companies shall not be named as an additional insured with respect to any coverage provided for NRD Liabilities and Raritan River Liabilities.

App. 108.

In accordance with the settlement agreement, SSA obtained an insurance policy effective October 15, 2008 from Indian Harbor ("the Policy") that named SSA as the insured, and SERA, the County, NL Environmental Management Services, Inc., and NL Industries, Inc., as additional named insureds.[6]  The Policy contains two endorsements that are at issue in this case: (1) Endorsement 22, which excluded "NL Industries" from coverage for "[remediation expense] and related [legal expense] based upon or arising from any [pollution condition] related to any constituents in the Raritan River sediment and tidal wetland sediment" (the "Raritan River Liability Exclusion"), App. 655; and (2) Endorsement 23, which excluded "NL Industries, Inc." from coverage for natural resource damage (the "NRD Liability Exclusion"), App. 657.

During the drafting of the Policy, the terms "NL Industries" and "NL Companies" were used as "short-hand" to refer to both of the NL entities—NL Industries, Inc. and NL Environmental Management Services, Inc.  App. 1907.  An April 8, 2008 draft of the Policy, contained four general references to these entities, listing: (1) "NL Industries" as additional insureds, App. 991, (2) "NL Industries" on the NRD Liability Exclusion, App. 1008, (3) "NL Industries" on the Raritan River Liability Exclusion, App. 1006, and (4) "NL Companies" in the "Waiver of Subrogation" endorsement, App. 1009.  On April 15, 2008, SSA asked Indian Harbor to change (1) "NL Industries" to "NL Industries, Inc." and "NL Environmental Management Services, Inc.," in the additional insured endorsement of the Policy, App. 1940,

---

[6] The Policy defines an additional named insured as "any person(s) or entity(ies) endorsed onto this Policy as an [Additional Named Insured], but solely to the extent such person(s) or entity(ies) is liable as a result of the ownership, occupation, development, operation, maintenance, financing or use of any [covered location]."  App. 611.

and (2) "NL Companies" to "NL Industries, Inc." and "NL Environmental Management Services, Inc.," in the Waiver of Subrogation endorsement of the Policy, App. 1941. Indian Harbor did so in its April 18, 2008 draft. SSA, however, made no mention of the two references to "NL Industries" in the NRD Liability Exclusion and the Raritan River Liability Exclusion. These "NL Industries" references remained in the NRD Liability Exclusion and Raritan River Liability Exclusion in the final draft of the Policy.[7]

Indian Harbor and SSA agree that the failure to list both NL entities in these exclusions was a mistake. In addition, NL Environmental Management Services, Inc.'s counsel testified that he understood that NL Environmental Management Services, Inc. would be excluded from coverage for NRD Liabilities and Raritan River Liabilities. App. 1866 ("My understanding was that SSA believed that it either would not be, it would not be feasible, maybe that's not the best word, they just wouldn't be able to get [NL Environmental Management Services, Inc. coverage for NRD Liabilities and Raritan River Liabilities]. No insurance company would provide this or it would be cost prohibit[ive].").

In 2009, NL Industries, Inc. and NL Environmental Management Services, Inc. were named as defendants in an action seeking to compel both entities to remediate contaminated sediments in the Raritan River (the "Raritan Baykeeper Action"). App. 6. Pursuant to the Raritan River Liability Exclusion and NRD Liability Exclusion, Indian Harbor first disclaimed coverage in the Raritan Baykeeper Action for NL Industries, Inc. Thereafter,

---

[7] The title of the NRD Liability Exclusion endorsement in the final policy continued to read "NL Industries" but one line on that endorsement was changed from "NL Industries" to "NL Industries, Inc." Compare App. 347 with App. 657.

5

realizing the Policy had a drafting error, Indian Harbor disclaimed coverage for NL Environmental Management Services, Inc., and filed this action seeking a declaratory judgment that neither of the NL Companies are entitled to coverage for such liabilities and seeking reformation of the Policy to reflect the same.

After the parties conducted discovery, the parties filed cross-motions for summary judgment. The District Court granted Indian Harbor's motion, holding that Indian Harbor established that the failure to exclude NL Environmental Management Services, Inc. from NRD Liability and Raritan River Liability Coverage was a scrivener's error and that it was entitled to reformation of the Policy to reflect the intent of the contracting parties.[8] NL Environmental Management Services, Inc. appeals.

## II[9]

Indian Harbor seeks to have its insurance policy with SSA reformed. Under New York law,[10] a party to a contract may seek reformation when the "writing does not set forth the actual agreement of the parties." Chimart Assocs. v. Paul, 489 N.E.2d 231, 234 (N.Y.

---

[8] The District Court also denied SSA's motion on its counterclaim for reformation against Indian Harbor as moot. Indian Harber Ins. Co. v. NL Envtl. Mgmt. Servs., Inc., Civ. No.13-1889, 2016 WL 3583808, at * 7 (D.N.J. June 30, 2016).

[9] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision on summary judgment de novo. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is appropriate where, drawing all reasonable inferences in favor of the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-mov[ant.]" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

[10] The parties do not dispute that New York law applies.

1986).  The burden is on the party seeking reformation to show by "clear and convincing evidence," Healy v. Rich Prod. Corp., 981 F.2d 68, 73 (2d Cir. 1992), both "what was really agreed upon between the parties," and that a mistake exists, Chimart Assocs., 489 N.E.2d at 234.  Thus, in the context of an insurance policy, reformation is appropriate if one of the parties to the insurance policy, either the insurer or the insured, shows by clear and convincing evidence: (1) that the writing in the policy did not set forth the actual agreement of the parties, and (2) what the insurer and the insured actually intended to memorialize in the policy.  See id.; Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co., 38 N.Y.S.3d 1, 3-5 (App. Div. 2016) (stating that when interpreting an insurance policy, a Court "must be guided by the rules of contract interpretation because an insurance policy is a contract between the insurer and the insured").

Here, Indian Harbor (the insurer) and SSA (the insured) (collectively "the contracting parties") both agree that the failure to include NL Environmental Management Services, Inc. in the NRD Liability Exclusion and the Raritan River Liability Exclusion was a mistake, and so the Policy did not accurately memorialize the contracting parties' agreement.  Indian Harbor has set forth clear and convincing evidence demonstrating that the contracting parties intended for the Policy to enact the settlement agreement's provision that SSA's insurance policy would not provide NL Environmental Management Services, Inc. coverage for NRD Liabilities and Raritan River Liabilities.  First, the plain language of the settlement agreement sets forth the coverage that SSA would not obtain, as it expressly stated that the "NL Companies shall not be named as an additional insured with respect to any coverage provided for NRD Liabilities and Raritan River Liabilities."  App. 108.  Second, SSA's

7

counsel, SSA's insurance broker, and Indian Harbor's underwriter all testified that the parties intended to include NL Environmental Management Services, Inc. in the NRD Liability Exclusion and the Raritan River Liability Exclusion.[11]  Accordingly, Indian Harbor has shown by clear and convincing evidence that it is entitled to reform references to "NL Industries" in the NRD Liability Exclusion and the Raritan River Liability Exclusion to include both "NL Industries, Inc." and "NL Environmental Management Services, Inc."

NL Environmental Management Services, Inc. cannot block SSA's and Indian Harbor's request for reformation since it is an additional named insured and is not a party to the Policy.  App. 624-25.  An additional insured—a person or entity other than the named insured that is covered by an insurance policy, see 70 N.Y. Jur. 2d Ins. § 1628 ("Certain liability policies contain provisions protecting persons other than the named insured, usually called 'additional insureds.'")—is not a party to the insurance policy.  Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 46 F. Supp. 3d 398, 423 (S.D.N.Y. 2014) (noting that an additional insured is not a party to an insurance policy), rev'd on other grounds, 630 F. App'x 6 (2d Cir. 2015).  Even though the settlement agreement gave NL Environmental Management Services, Inc. the right to review the policy, App. 108, and NL Environmental Management Services, Inc. provided comments about the policy to SSA, see App. 537-42, there is no evidence that NL Environmental Management Services, Inc. engaged in any negotiations with Indian Harbor or its agents.  Moreover, there is no evidence that it was a

---

[11] Notably, NL Environmental Management Services, Inc. acknowledged that it did not expect that the Policy would provide it with coverage for Raritan River Liabilities and NRD Liabilities prior to seeing a draft of the Policy that mistakenly omitted it from the "Endorsement 22" and "Endorsement 23" exclusions.

party to the "offer, acceptance of the offer, consideration, mutual assent, and [] intent to be bound" that occurs between the insurer and the insured. Kowalchuk v. Stroup, 873 N.Y.S.2d 43, 46 (App. Div. 2009). For these reasons, despite the fact that it received a benefit from the Policy, NL Environmental Management Services, Inc. is not a contracting party who can block the contracting parties from correcting the error and reforming the Policy.[12]

### III

For the foregoing reasons, we will affirm.

---

[12] We have considered NL Environmental Management Services, Inc.'s argument that Indian Harbor's negligence precludes reformation, its assertion that differences between the settlement agreement and policy create a factual issue regarding intent, and its claim that purported admissions in the pleadings to establish NL Environmental Management Services, Inc. is a contracting party. Each of these arguments is without merit.