18-2873-cv
Old Republic General Insurance Corp. v. Century Surety Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                    *Circuit Judges*.
_____

OLD REPUBLIC GENERAL INSURANCE CORP.,
as subrogor of McGowan Builders, Inc,

                    *Plaintiff-Appellant*,

             v.                                              18-2873-cv

CENTURY SURETY COMPANY,

                    *Defendant-Appellee*.
_____

Appearing for Appellant:      Kenneth Maguire, Ken Maguire & Associates, PLLC (Katherine Maguire, *on the brief*), Wantagh, N.Y.

Appearing for Appellee:       Christopher T. Bradley, Marshall, Conway & Bradley, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Old Republic General Insurance Corp. appeals from the September 14, 2018 judgment of the United States District Court for the Southern District of New York granting summary judgment to Century Surety Company, dismissing Old Republic's claim for insurance. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Old Republic first challenges the district court's holding that because the dispute is between two insurers, Century was not required to comply with New York Insurance Law Section 3420(d)(2), which provides in relevant part:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2). Even assuming arguendo that Section 3420(d)(2) applies, we agree with the district court that the August 5, 2014 letter constitutes a valid disclaimer. *See Old Republic Gen. Ins. Corp. v. Century Surety Co.*, 2018 WL 4356729, at *8 n.5 (S.D.N.Y. Sept. 12, 2018). The letter sets out the language of the relevant policy exclusion, sets out the facts as to why Century believes the exclusion applies, and states that "[b]ased on the information we currently have, we are unable to accept your tender on behalf of [the general contractor] in regard to this matter." App'x at 103; *see Adams v. Perry's Place*, 564 N.Y.S.2d 1019, 1019 (4th Dep't 1990) (finding disclaimer valid so long as it "identified the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose").

Old Republic next argues that the Action Over exclusion that forms the basis for Century's denial of coverage is ambiguous and thus unenforceable. We disagree. The Action Over exclusion unambiguously bars coverage for injuries suffered by the employee of the named insured sustained during his employment. *See Endurance Am. Specialty Ins. Co. v. Century Sur. Co.*, 630 F. App'x 6, 7 (2d Cir. 2015) (finding nearly identical policy language to unambiguously preclude coverage for both the named insured and any additional insured in connection with an underlying action seeking damages for bodily injury sustained by the named insured's employee). Old Republic's reliance on *Hastings Development, LLC v. Evanston Insurance Co.*, 701 F. App'x 40 (2d Cir. 2017) is inapposite. The policy in *Hastings* excluded coverage for any lawsuit arising out of bodily injury to "an employee of the Named Insured arising out of and in the course of employment by any Insured. . . ." *Id.* at 43 (emphasis omitted). The panel affirmed the district court's holding that an ambiguity existed as to whether the phrase "Named Insured" referred only to the named insured who employed the injured employee, or also to the other

2

named insureds under the policy, and that both parties' interpretations of the phrase were reasonable. *Id.* There is no such ambiguity in the policy at issue here.

We have considered the remainder of Old Republic's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk